BRIAN DOUGLAS LAZZARA, Father and Next Friend of Heather Lazzara, a Minor, Plaintiff-Appellee, *v.* DREYER MEDICAL CLINIC *et al.*, Defendants—(Dr. John E. Hopper, Defendant-Appellant).

First District (4th Division)   No. 83—296

Opinion filed December 22, 1983.

French, Rogers, Kezelis & Kominiarek, P.C., of Chicago (Richard French and Dorothy French, of counsel), for appellant.

Goldberg & Goldberg and Mitgang, Levine and Schwartz, both of Chicago (John B. Schwartz, of counsel), for appellee.

JUSTICE O'CONNOR delivered the opinion of the court:

Defendant Dr. John E. Hopper appeals from an order of the circuit court of Cook County which reinstated him as a defendant after vacating a prior order granting summary judgment in his favor.

Plaintiff Brian Douglas Lazzara, as father and next friend of Heather Lazzara, a minor, brought suit on April 9, 1980, against Dr. Hopper (originally named as Dopper) and others including Copley Memorial Hospital (the hospital) to recover damages for injuries Heather allegedly received due to the alleged medical negligence of the various defendants.

The complaint alleged that on January 9, 1976, Heather was taken to the hospital for treatment and that while there, she came under the care of Dr. Hopper who rendered consultation and advice concerning the care, condition, diagnosis and treatment of Heather and undertook to care and treat her. The complaint charged that Dr. Hopper was an employee of the hospital, was negligent in his treatment of Heather by various means and methods and that, as a direct and proximate result of the alleged negligent acts, Heather was severely and permanently injured. Dr. Hopper's answer denied that he had treated Heather and that he was an employee of the hospital.

Subsequently in response to a request to admit facts, plaintiff admitted that Heather was not treated by Dr. Hopper, that Heather was to meet her private physician (Dr. Abell) in the emergency room of the hospital, that Dr. Abell rendered care and treatment to her and sent her home.

On July 10, 1981, Dr. Hopper moved for summary judgment relying on this admission of facts and on his affidavit in which he stated that he was on call as the emergency physician at the hospital on January 9, 1976, that he was not asked to, nor did he, render any care or

treatment to Heather or offer any medical services to her.

After Dr. Hopper's deposition was taken, a hearing on his motion for summary judgment was held on December 16, 1981. At that hearing the admitted facts were:

1. Heather Lazzara was not treated by Dr. Hopper at Copley Memorial Hospital on January 9, 1976.

2. Heather Lazzara had been taken to Copley Memorial Hospital for treatment and to meet Dr. Abell there.

3. Dr. Abell did render care and treatment to Heather Lazzara in the emergency room.

and the undisputed facts were:

1. Dr. Hopper was not asked to render any care and treatment to Heather Lazzara.

2. Heather Lazzara was presented to the emergency room with the chief complaint of a right earache.

3. That, after treatment by Dr. Abell, Heather Lazzara was sent home with medication and was to see Dr. Abell if the problem persisted.

The only disputed fact was whether Dr. Hopper was an employee or an independent contractor on January 9, 1976. Plaintiff claimed that according to Dr. Hopper's deposition, Dr. Hopper was an employee. The trial court found that there was no genuine issue of material fact and granted summary judgment in favor of Dr. Hopper on December 16, 1981. Plaintiff's motion for rehearing was denied on February 24, 1982. No appeal was taken by plaintiff.

On July 2, 1982, the hospital filed a motion to dismiss, or alternatively, a motion for summary judgment. In that motion, the hospital stated, "Plaintiff has brought suit against this defendant and against this defendant's alleged employee, Dr. Hopper, for alleged acts or omissions in this defendant's emergency room." The hospital stated that Dr. Hopper was granted summary judgment on December 16, 1981, that that order was now final and that the plaintiff had not appealed it. The hospital further stated that in light of the final and nonappealed judgment order in favor of the hospital's alleged employee, Dr. Hopper, it could not be held vicariously liable for any acts or omissions of that alleged employee. Its brief in support of that motion, instead of stating *alleged* employee, stated "the defendant hospital could not be held vicariously liable for any acts or omissions on the part of its employee, Dr. John Hopper, who has been granted summary judgment."

Based on the reference in the brief to Dr. Hopper as the hospital's employee, plaintiff filed a petition pursuant to section 72 of the Civil

Practice Act (Ill. Rev. Stat. 1981, ch. 110, par. 72), now section 2—1401 of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 2—1401) to vacate the order of December 16, 1981.

Plaintiff's petition was granted and the trial court vacated the summary judgment in Dr. Hopper's favor as well as the order denying plaintiff's motion for a rehearing and ordered Dr. Hopper reinstated as a defendant. He appeals, raising the sufficiency of the petition under section 72.

To be entitled to relief under section 72, the party seeking relief must demonstrate (1) the existence of meritorious defense or claim; (2) due diligence in presenting the defense or claim in the original action; (3) that, through no fault or negligence of his own, an error of fact or a valid defense or claim was not made to appear at the time the challenged judgment or order was entered and (4) due diligence in filing the petition for relief under section 72. *Halas v. Executor of Halas' Estate* (1983), 112 Ill. App. 3d 940, 445 N.E.2d 1264; *Mitchell v. Seidler* (1979), 68 Ill. App. 3d 478, 386 N.E.2d 284.

Plaintiff contends that under section 1 of "An Act requiring hospitals to render hospital emergency service in case of injury ***" (Ill. Rev. Stat. 1975, ch. 111½, par. 86) the hospital was obligated to furnish emergency services and that because Dr. Hopper was the physician on duty in the emergency room his duty to each patient in the emergency room must be determined to the extent of the legal obligations and duties which the hospital imposed on itself by its bylaws and under the statutes.

That section provides:

> "Sec. 1. Every hospital required to be licensed by the Department of Public Health pursuant to the Hospital Licensing Act, approved July 1, 1953, as now or hereafter amended, which provides general medical and surgical hospital services shall provide a hospital emergency service in accordance with rules and regulations adopted by the Department of Public Health and shall furnish such hospital emergency services to any applicant who applies for the same in case of injury or acute medical condition where the same is liable to cause death or severe injury or serious illness." Ill. Rev. Stat. 1975, ch. 111½, par. 86.

The policies and procedures of the hospital regarding the emergency room provide in pertinent part:

> "All severe injuries or illnesses must be seen by the doctor on call *or a private physician.* All patients will be asked if they wish their private physician to attend them. If so, they will be notified. In any case, the private physician of all patients seen

in the Emergency Department should be notified of the visit." (Emphasis added.)

This provision explicitly states that "all severe injuries or illnesses must be seen by the doctor on call *or a private physician.*" The facts are quite simple. Heather was taken to the emergency room at Copley Memorial Hospital on January 9, 1976. She went there to meet Dr. Abell, her private physician. Her chief complaint as given by her mother was a right earache. She was seen and treated by Dr. Abell and released to go home. She was in the emergency room 35 minutes. Dr. Hopper was the emergency room physician on call that evening. He was never called or asked to render any care to Heather, nor did he render any care to Heather. The provision above quoted imposed no duty on Dr. Hopper which he violated. It imposed no duty on him to see a patient who was there to see the patient's private physician.

Plaintiff also points to excerpts from the Joint Commission on Accreditation of Hospitals. We have examined those excerpts and found that they apply only to hospitals, if at all, and not to Dr. Hopper.

In addition there is nothing in those excerpts which would create a standard in 1976 that would require Dr. Hopper to triage (the classification of patients according to priorities for treatment and care) or to treat every patient who walked into the emergency room even though he was not made aware of that patient's existence or need of treatment.

There are no questions of material fact which would preclude the entry of summary judgment for Dr. Hopper. It is admitted that Heather was seen by her private physician. Thus, the hospital policies were followed. Plaintiff offered no evidence, either at the time summary judgment was entered, on the motion for rehearing, or at the time of the hearing on his section 72 petition, which would justify a finding that he has a meritorious claim against Dr. Hopper. He offered no standard of care that would require a doctor to render treatment to a patient whom he does not know exists and who has not asked for any treatment from him. Whether Dr. Hopper was an employee or not of the hospital does not change the fact that as a matter of law he had no duty to treat a patient of whom he had not been notified as being in need of treatment.

Plaintiff further failed to present any evidence that, even if Dr. Hopper were an employee of the hospital at the time, he would have any duty whatsoever to see and treat Heather Lazzara when he was not informed that she was present and in need of treatment. Further, plaintiff failed to present any evidence that Dr. Hopper was in charge

of the nurses or the emergency room during the time of Heather's visit, nor did he even indicate at the time of the summary judgment motion by Dr. Hopper that discovery might reveal that to be the fact.

The issue as to Dr. Hopper's relationship with the hospital—employee or independent contractor—was argued on both the motion for summary judgment and motion for rehearing. No appeal was taken by plaintiff from the granting of summary judgment for Dr. Hopper and from the denial of the rehearing. Matters which have been thus adjudicated cannot again be put in issue by a section 72 petition. *Union National Bank & Trust Co. v. Green* (1979), 80 Ill. App. 3d 32.

Plaintiff's petition under section 72 fails to state a meritorious claim against Dr. Hopper.

Because we so find, it is unnecessary to consider Dr. Hopper's further contentions that the petition was insufficient in other respects.

The order orally rendered January 12, 1983, and entered January 21, 1983, *nunc pro tunc* as of January 13, 1983, is reversed and the order entered December 16, 1981, granting summary judgment in Dr. Hopper's favor and the order entered February 24, 1982, denying plaintiff's motion for rehearing are reinstated.

Reversed in part and orders reinstated.

JOHNSON and LINN, JJ., concur.