HENRY THOMAS HALL, Plaintiff-Appellant, v. JACOBS, CAMODECA and TIMPONE *et al.*, Defendants-Appellees.

First District (1st Division)    No. 84—0609

Opinion filed June 24, 1985.

Gorman & Gorman, of Chicago (Gregory X. Gorman and H. Candace Gorman, of counsel), for appellant.

Timpone & Rickelman, of Chicago (Linda S. Kagan, of counsel), for appellees.

JUSTICE O'CONNOR delivered the opinion of the court:

This appeal involves the propriety of a circuit court judge vacating a default order previously imposed by another judge as a sanction for noncompliance with court-ordered discovery. Plaintiff, Henry Thomas Hall, brought the instant legal malpractice action against defendants Leonard Timpone, plaintiff's former attorney, and the law firm of Jacobs, Camodeca and Timpone. After defendants ignored two court orders compelling discovery, the pretrial motions judge ordered defendants' answer stricken and entered an order of default as a sanction under Supreme Court Rule 219(c) for noncompliance with discovery. (81 Ill. 2d R. 219(c).) Another judge who was assigned to the case for purposes of prove up vacated the default order and decided the merits of the case in favor of defendants. We reverse and remand.

Hall's legal malpractice action arose out of post-divorce decree litigation brought against him by his ex-wife. Prior to 1967, they and their four children had lived in McLean County in Illinois. The couple separated and Hall moved to Chicago. A judgment of divorce was obtained from a Cook County court in 1968. Under a voluntary property agreement incorporated into the divorce decree, Hall agreed to pay certain child support, educational and medical expenses of his four children.

In 1972, Hall's ex-wife filed a post-decree action in McLean County, alleging arrearages of $31,666 in the payment of these expenses. Hall retained John Luedtke, an attorney practicing in McLean County, to represent him in this matter. Luedtke filed a motion seeking a change of venue. This motion was apparently denied by the McLean County court, as was a motion to reconsider. Activity in the post-decree litigation subsided for a three-year period, during which Hall changed lawyers.

In 1975, he retained Leonard Timpone to represent him in the

post-decree litigation and to negotiate a settlement of the alleged arrearages. In 1976, Hall received a notice to appear before the McLean County court for a hearing on a rule to show cause why he should not be held in contempt of court in connection with the post-decree litigation. On the advice of Timpone, Hall never appeared in the McLean County post-decree action and, ultimately, an ex-parte default judgment was entered against him in the amount of $31,666. Timpone advised Hall not to appear because, In Timpone's opinion, the McLean County court had no jurisdiction to enter any orders affecting a divorce decree obtained in Cook County. However, Timpone never brought his jurisdictional arguments to the attention of the McLean County court. No motion to vacate the default judgment was ever filed, and Timpone never conducted any discovery or attempted to verify the alleged arrearages. Timpone did file an appeal, but he concedes that it was used solely as a delaying tactic in the settlement negotiations. Although Timpone obtained extensions in the briefing schedule, he filed no briefs, and the appeal was later involuntarily dismissed for lack of prosecution. Hall then hired a new attorney, James Ensign, who managed to settle the now final $31,666 default judgment for $12,300 plus interest. The settlement was made in August 1979, nearly three years after the default judgment was entered.

On September 19, 1979, Hall brought the instant legal malpractice action against Timpone and his law firm. On April 28, 1981, Hall's attorney sent defendants a request for production of documents and a notice for Timpone to appear for a deposition on June 5, 1981. Timpone's attorney cancelled the deposition three days before it was scheduled to occur. Various letters and telephone messages from Hall's attorney went unanswered. Hall then filed his first petition for sanctions for failure to comply with discovery. On October 5, 1981, Judge Bieschke heard the matter as the pretrial motions judge. He ordered defendants to produce the requested documents by October 26, 1981, and to schedule the deposition no later than November 2, 1981. His order also stated that "failure to comply with all or any part of this order will result in sanctions against defendants." Contrary to the court's order, Timpone refused to schedule a deposition before December 8, 1981. Although Hall's attorney reluctantly agreed to a deposition on that date, it was never held because defendants allegedly reneged on oral promises and failed to produce documents. Further attempts to resolve the situation were unsuccessful and a second petition for sanctions was filed on November 23, 1981. Following a hearing on December 31, 1981, Judge Bieschke entered his second court order which required defendants to produce the requested docu-

ments within 14 days and hold a deposition within 14 days thereafter. In addition, the judge ordered defendants to pay $50 in attorney fees as a sanction for noncompliance with discovery rules and court orders. The order further provided that failure to comply would result in defendants' answer being stricken and the cause being set for prove up. However, the documents were not produced, the deposition did not occur, and the $50 was never paid.

A third petition for sanctions also had no effect. Hall's fourth petition for sanctions came before Judge Duff, who had taken over the pretrial motions call. After a full hearing on June 11, 1982, Judge Duff entered an order striking defendants' answer and finding them in default. He then transferred the matter to the Chief Judge for assignment for prove up.

On August 26, 1982, Judge Hickey heard the matter on prove up and entered judgment against defendants in the amount of $16,150 plus costs. However, Judge Hickey later granted defendants' motion to vacate his judgment so that they could present Judge Duff with a motion to vacate the June 11 default order. On February 16, 1983, Judge Duff denied the motion to vacate. Defendants' motion to reconsider was denied with prejudice by Judge Duff.

The case was then assigned to Judge Nelson for prove up. On his own motion, Judge Nelson ordered the parties to brief the issue of whether he could vacate Judge Duff's default order. After the briefs were filed, defendants brought another motion seeking to vacate the June 11 default order. On November 1, 1983, Judge Nelson ordered Timpone to submit to a deposition. On November 29, 1983, Judge Nelson granted defendants' motion to vacate Judge Duff's default order.

A bench trial was held before Judge Nelson on February 6, 1984. After hearing the testimony of Hall, Timpone and Hall's expert witness, Judge Nelson entered judgment in favor of defendants.

Hall now contends that (1) Judge Nelson erred in vacating Judge Duff's orders imposing sanctions for noncompliance with court-ordered discovery and (2) Judge Nelson's judgment in favor of defendants was against the manifest weight of the evidence. In view of our disposition of the case, we only decide Hall's first contention.

■■ Initially, we must determine the nature of the motion to vacate which was brought before Judge Nelson, and the appropriate standards to be applied when considering whether to vacate the default order. Hall maintains that defendants' motion to vacate should have been considered by Judge Nelson as a petition under section 72 of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 72), now codified as section 2—1401 of the Code of Civil Procedure (Ill. Rev.

Stat. 1983, ch. 110, par. 2—1401), since it was filed more than 30 days after the order of default was entered. We disagree.

Once Judge Duff struck defendants' answer, he proceeded as if no answer was on file and entered an order of default as to liability only. He clearly contemplated further proceedings as to damages because he transferred the case to the Chief Judge for assignment for prove up. Because a default order as to liability alone is not a final order (*Miura v. Famous Cab Co.* (1982), 107 Ill. App. 3d 803, 806-07, 438 N.E.2d 3d 530; *Alderson v. Berol Products Division, Berol Corp.* (1976), 38 Ill. App. 3d 139, 141, 347 N.E.2d 213), a section 72 petition would have been premature since such petitions seek relief from final orders. Ill. Rev. Stat. 1979, ch. 110, par. 72.

Judge Duff's default order was an interlocutory discovery order. The statute applicable to such an order was section 50(5) of the Civil Practice Act (now section 2—1301(e) of the Code of Civil Procedure), which states:

> "The court may in its discretion, before final order or judgment, set aside any default, and may on motion filed within 30 days after entry thereof set aside any final order or judgment upon any terms and conditions that shall be reasonable." Ill. Rev. Stat. 1979, ch. 110, par. 50(5).

While this statute should be liberally construed (see *Czyzewski v. Gleeson* (1977), 49 Ill. App. 3d 655, 659, 364 N.E.2d 557), the overriding concern is to serve the ends of justice. (*People ex rel. Reid v. Adkins* (1971), 48 Ill. 2d 402, 406, 270 N.E.2d 841; *Satcher v. Inland Real Estate Corp.* (1983), 116 Ill. App. 3d 685, 452 N.E.2d 126.) Clearly, the vacation of a default judgment is not automatic merely upon motion by the defaulted party. (*Miura v. Famous Cab Co.* (1982), 107 Ill. App. 3d 803, 807; *Big Three Food & Liquor, Inc. v. State Farm Fire & Casualty Co.* (1979), 79 Ill. App. 3d 63, 67, 398 N.E.2d 264.) Moreover, a successor judge should exercise considerable restraint in vacating a default order which was previously imposed by another judge as a sanction for noncompliance with discovery procedures, particularly where there is evidence of "judge shopping." See *Balciunas v. Duff* (1983), 94 Ill. 2d 176, 187-88, 446 N.E.2d 242; *Buehler v. Whalen* (1977), 70 Ill. 2d 51, 67, 374 N.E.2d 460.

■ Defendants' main contention is that even if the sanction of default was proper in the first instance, Judge Nelson properly vacated the order of default because Hall suffered no hardship in being required to proceed with his case.

However, defendants' argument misses the point. The entry of the order of default resulted from defendants' refusal to comply with

court ordered discovery. In order to justify setting aside the default order imposed for such egregious violations, defendants had to come forth, at the very least, with some legitimate excuse for their failure to comply with discovery and show a willingness to comply in the future. (*George William Hoffman & Co. v. Capital Services Co.* (1981), 101 Ill. App. 3d 487, 494, 428 N.E.2d 600, *appeal denied* (1982), 91 Ill. 2d 552; *Big Three Food & Liquor, Inc. v. State Farm Fire & Casualty Co.* (1979), 79 Ill. App. 3d 63, 68, 398 N.E.2d 264; *612 North Michigan Avenue Building Corp. v. Factsystem, Inc.* (1975), 34 Ill. App. 3d 922, 927, 340 N.E.2d 678.) In their motion to vacate, defendants offered no excuse for their previous failure to comply with discovery and did not even offer to comply in the future. Defendants also failed to bring forward any evidence of a change of circumstances or additional facts which would have warranted the vacation of the default order. (See *Balciunas v. Duff* (1983), 94 Ill. 2d 176, 188.) Therefore, even if we were to ignore the unwarranted delay, frustration and expense sustained by Hall as a result of defendants' deliberate noncompliance, we would find that Judge Nelson erred in granting defendants' motion to vacate.

Moreover, the record shows that defendants, an attorney and his law firm, engaged in a program of deliberate defiance of the court's authority and rules of discovery. They completely ignored various court admonitions, sanctions and orders compelling discovery. Even after Judge Duff ordered their answer stricken and entered the default order, defendants did not cease their contumacious conduct. Instead, they repeatedly sought reconsideration of the sanctions until they obtained a vacation of the sanctions from a successor judge. Only then, two years after the initial discovery request, did defendants agree to comply with discovery. These acts and circumstances should have indicated that the exercise of considerable restraint in granting defendants' motion to vacate was in order, particularly since Judge Duff had rejected similar motions twice before. Because we cannot say that the vacation of the default order served the ends of justice in this case, we reverse the vacation of the order striking defendants' answer and entering an order of default.

■ There remains the issue of what further proceedings are necessary in light of defendants' contention that Judge Nelson's decision on the merits was based on a finding that defendants' conduct did not cause plaintiff's damages. However, after carefully considering the record, we are unable to say with certainty what was the precise basis for Judge Nelson's decision on the merits. Rather than speculate, we find that the present posture of the case requires that we remand

the cause in order to give defendants a right to be heard solely on the issue of damages. (See *Smith v. Dunaway* (1966), 77 Ill. App. 2d 1, 6, 221 N.E.2d 665.) Therefore, we need not and do not address Hall's contention that Judge Nelson's decision on the merits was against the manifest weight of the evidence.

Reversed and remanded with specific directions to hold a hearing solely on the issue of damages.

Reversed and remanded.

CAMPBELL and BUCKLEY, JJ., concur.