IRENE TINSEY, Plaintiff-Appellee, v. CHICAGO TRANSIT AUTHORITY *et al.*, Defendants-Appellants.

First District (3rd Division)  No. 85—647

Opinion filed January 22, 1986.

Edward J. Egan and Richard L. Jones, both of Chicago, for appellants.

Harvey L. Walner & Associates, Ltd., of Chicago (Lawrence Schlam, of counsel), for appellee.

JUSTICE McNAMARA delivered the opinion of the court:

Plaintiff, Irene Tinsey, brought this action against defendant, Chicago Transit Authority, alleging she was injured while riding as a passenger on a bus driven by defendant Horace Flournoy. A jury returned a verdict in favor of defendants. The trial court, on its own motion, set aside the jury verdict and ordered a new trial as a sanction for defendants' failure to comply with discovery procedures. After an evidentiary hearing, the trial court denied defendants' motion to vacate its order granting a new trial. The trial court also denied plaintiff's motion for a new trial on the merits. We granted defendants' petition for leave to appeal the order granting a new trial.

Plaintiff served interrogatories on defendants requesting names and statements. On November 4, 1980, defendants' supervisor of legal file investigations, Coleen Maurovich, answered that plaintiff, Barbara Smith and Mabel Taylor were witnesses. She also answered that CTA

had no statements from any witness. Maurovich testified at the post-trial hearing that she inadvertently failed to list the CTA record of plaintiff's complaint of an accident, made in a telephone call taken by Eugene Jania, a CTA claims adjustor. The record listed Smith and Taylor as witnesses. In Maurovich's opinion, the record was not a statement, but was only a summary of a conversation. The CTA also had a questionnaire filled out by Mabel Taylor.

On October 14, 1980, plaintiff served a request to produce statements of witnesses. John Siena, then a staff attorney for CTA, responded that CTA had no statements. At the post-trial evidentiary hearing, Siena testified that his answer was in reliance on information from staff paralegals. He was unaware of the existence of a telephone complaint of a report summarizing the telephone conversation between plaintiff and Jania.

Before trial, during a Rule 237 conference, defendants' counsel provided plaintiff's counsel with the statement of the telephone call reporting the accident. After plaintiff had completed her case and after defendants had presented one witness, defense counsel informed the court that he had received a subpoena in regard to Jania concerning a voice-recorded statement. Jania no longer worked for CTA. Plaintiff's counsel informed the court that she wanted to call someone from CTA in rebuttal to Flournoy's testifying that he was unaware of any accident on the day in question. The trial court made it clear that the report should have been given to plaintiff during discovery and that sanctions would be considered after the trial was completed. The trial court subsequently stated that it would determine the amount of the sanctions.

At trial, plaintiff testified that on September 28, 1979, she was seated on a bus with a friend, Mabel Taylor. The bus made a sharp turn and plaintiff was thrown from her seat to the floor and was injured. Plaintiff testified that after she fell she spoke to the bus driver, complaining about his driving and asking for his badge number. She testified that the driver did not give his badge number or name and replied, "Lady, I didn't mean to hurt you." On direct examination plaintiff was not questioned about telephoning CTA to report the accident. On cross-examination, without being asked, plaintiff testified that she telephoned CTA when she arrived home.

Flournoy testified as an adverse witness that he was unaware of any passenger being injured on his bus on September 28, 1979. He did not recall a passenger asking for his name.

Mabel Taylor testified for plaintiff that plaintiff fell on the bus and that the witness wrote down the bus number. Taylor remembered plain-

tiff talking to the driver after the incident, but did not know what was said.

Donald Burton, a CTA claims representative, testified as an adverse witness as the person responsible for maintaining files in the CTA claims department. Over defendants' objection, the trial court allowed into evidence the record of the telephone complaint made by plaintiff. Burton identified the "Report of Telephone Complaint" made on Monday, October 1, 1979, by a person who stated she was Irene Tinsey. The report set forth the September 28 incident including the caller's description of the bus driver, injuries, and the attempt to get help from the bus driver. During closing argument, plaintiff's counsel emphasized Burton's testimony, arguing that it showed plaintiff reported the accident to the CTA. During defense counsel's closing argument, he made reference only to the fact that Mabel Taylor had not reported the accident to the bus driver.

At various times during trial, outside the presence of the jury, the trial court expressed anger at the CTA's failure to produce the report summarizing the telephone complaint. After the jury returned a verdict for defendants, the court, *sua sponte*, ordered a hearing to be held on the question of discovery sanctions. At that hearing, the trial court felt a sanction was appropriate because the CTA had information confirming plaintiff's testimony, and concealed it for 4½ years. The court stated that a monetary fine would not impact the CTA, "a multi-million dollar operation," and thus the sanction would be setting aside the jury verdict and ordering a new trial.

Defendants' post-trial motion to vacate the order granting a new trial included a request for an evidentiary hearing. At the hearing, in addition to Siena and Maurovich whose testimony is mentioned above, Eugene Jania testified that he had received a telephone complaint from a woman who stated she was Irene Tinsey, that he had written a summary of the conversation, and that a claims file was opened on October 4, 1979. The trial court subsequently denied defendants' motion to vacate the order granting a new trial, and denied plaintiff's motion for a new trial on the merits.

Defendants contend that the trial court's anger towards CTA caused it to abuse its discretion in ordering a new trial as a discovery sanction, and that plaintiff was not prejudiced in any way by defendants' failure to produce the requested information.

■ Supreme Court Rule 219 (87 Ill. 2d R. 219) vests the trial court with extensive powers in authorizing the court to enter "such orders as are just" when a party fails to comply with discovery procedures. In the present case, defendants clearly failed to provide plaintiff with re-

quested information which it had in its possession, and sanctions were appropriate. However, the trial court's discretionary power must be exercised with great care, with a view toward achieving the goals of providing the parties with complete discovery and a full trial on the merits. (*Tennicott v. Chicago Transit Authority* (1982), 103 Ill. App. 3d 607, 431 N.E.2d 1077.) The trial court's discretion to impose sanctions will not be disturbed on appeal unless abuse is apparent. *Anderson v. City of Chicago* (1975), 29 Ill. App. 3d 971, 331 N.E.2d 243.

■ In the present case, we find that the sanction of ordering a new trial was an abuse of the trial court's discretion. Defendants provided plaintiff with the report of the telephone complaint prior to trial. Plaintiff's counsel expressed no surprise at the belated receipt of the report, and made no request for a continuance or to take any depositions. Indeed, counsel made no mention of the report until the trial was nearly concluded. Moreover, although the report appears to have been inadmissible, it was introduced into evidence by plaintiff. Mabel Taylor testified in full at trial and at the request of plaintiff no mention of Barbara Smith was permitted in the presence of the jury. Thus, discovery was completed, and a full and fair trial on the merits was received by plaintiff.

Plaintiff relies on the holding of *Buehlers v. Whalen* (1977), 70 Ill. 2d 51, 67, 374 N.E.2d 460, quoting the court's statement at page 67 that "discovery procedures are meaningless unless a violation entails a penalty proportionate to the gravity of the violation." The sanction here is far out of proportion to defendants' violations, particularly because plaintiff failed to show any prejudice resulting from the violation. Our examination of the record belies plaintiff's assertion that defendants argued to the jury that it had no notice of the accident. And indeed, in view of the evidence adduced at trial, such an argument on the part of defendants would have been absurd. Plaintiff also states that she was prejudiced because she was unable to take Jania's deposition. While we note that plaintiff, if she desired, had ample opportunity to take Jania's deposition prior to trial, the simple fact is that the taking of the deposition of the person who received plaintiff's telephoned complaint was immaterial to the issue raised at trial and could have had no bearing on the jury's verdict. Accordingly, we conclude that the sanction imposed was not proper.

For the reasons stated, the order of the circuit court of Cook County granting plaintiff a new trial is reversed.

Judgment reversed.

WHITE and McGILLICUDDY, JJ., concur.