DONALD SINGER *et al.*, Plaintiffs-Appellants, v. BARBARA D. TREAT, Defendant-Appellee.

First District (1st Division)   No. 85—2800

Opinion filed June 30, 1986.

Gary L. Blank, of Chicago, for appellants.

Law Office of John C. Kiely, of Chicago (John C. Kiely, Eugene F. Mc-Mahon, and George Lopuszynski, of counsel), for appellee.

JUSTICE O'CONNOR delivered the opinion of the court:

Plaintiffs appeal from an order entered August 20, 1985, denying their petition under the provisions of section 2—1401 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch 110, par. 2—1401), in which plaintiffs sought to vacate an order entered March 19, 1985, dismissing plaintiffs' cause of action with prejudice for failure to answer defendant's interrogatories (87 Ill. 2d R. 219(c)(v)). On appeal, plaintiffs contend that (1) the trial court abused its discretion in entering the March 19, 1985, dismissal since plaintiffs were diligently attempting to comply with discovery and their noncompliance was not contumacious or unreasonable, and (2) the trial court should have vacated the dismissal after plaintiffs fully complied with discovery since trial on the merits could be had without undue hardship or prejudice to the defendant.

Plaintiffs filed this action on June 24, 1983, to recover damages for personal injuries allegedly sustained in a motor-vehicle accident on June 26, 1981. On October 24, 1983, defendant filed and sent to plaintiffs' counsel written interrogatories to be answered by each plaintiff, and on December 23, 1983, an order was entered providing that all written discovery be completed within 28 days and stating that defendant would then move for sanctions. Defendant's attorneys wrote to plaintiffs' attorney requesting answers to the interrogatories on November 7, 1983, January 11, and February 6, 1984, and filed a notice pursuant to Supreme Court Rule 214 (87 Ill. 2d R. 214) on March 14, 1984, requesting answers within 28 days, and stating that defendant would then move for sanctions. On April 26, 1984, new counsel appeared for plaintiffs.

On September 19, 1984, defendant moved to dismiss for plaintiffs' failure to comply with discovery and alleged, in compliance with Supreme Court Rule 201(k) (87 Ill. 2d R. 201(k)), that the parties had been unable to reach an accord after personal consultation and reasonable attempts to have plaintiffs answer their interrogatories, such as a telephone call to plaintiffs' counsel and the correspondence referred to above. On December 5, 1984, plaintiffs' complaint was dismissed without prejudice. On January 18, 1985, plaintiffs were allowed an additional 60 days to file answers to the defendant's interrogatories.

The motion to dismiss with prejudice was continued until March 19, 1985, when the court dismissed plaintiffs' cause of action with prejudice, although plaintiffs presented their answers to interrogatories, together with accompanying documents, to the court and to opposing counsel at that time, and although counsel for plaintiffs stated

he had offered to send these materials by messenger on March 18 to opposing counsel. At this hearing, defendant's counsel interjected that on March 18, plaintiffs' counsel informed him he had "the specials," but not the answers to interrogatories. Defendant's counsel specifically objected to the answers to interrogatories presented in court because some of the answers stated information would be sent under separate cover and stated, "[I]t's not my job to go through the specials and decipher everything he's attached here." After stating that the answers were not in compliance with the spirit of discovery, the court allowed the motion.

On May 27, 1986, we granted plaintiffs' motion to file, as a supplemental record, Nancy Singer's answers to interrogatories and attached documents. The record, as originally filed, contained only Donald Singer's answers to interrogatories, to which no documents were attached. The supplemental record illuminates the arguments made at the hearing on March 19. Following Nancy Singer's answers, the supplemental record contains 23 pages of documents which are not specifically identified or described, either in Nancy Singer's answers to interrogatories or in any attachment thereto. From our own examination of the documents, we summarize them as follows:

(1) An itemized bill for $336.20, most of which is not legible, apparently for emergency-room treatment of Nancy Singer on June 27, 1981;

(2) Two pages of the emergency-service record of Nancy Singer from Good Shepherd Hospital dated June 27, 1981, at 2:45 a.m., containing instructions and indicating the treatment rendered;

(3) A two page appraisal on a Kemper Insurance form in the amount of $1,086 for damage repairs to Donald Singer's 1967 Dodge Polara, dated July 8, 1981;

(4) A two-page report of claim, (apparently for Kemper Insurance) by Donald Singer dated September 19, 1981;

(5) A repair bill showing cash payment of $277 to Larry's Standard Auto Center by Donald Singer for repairs to a 1967 Polara;

(6) Two pages showing photostats of 10 checks in varying amounts during 1981, drawn on plaintiffs' joint account;

(7) A $599.05 bill marked paid by Donald Singer to Midwest Auto Service on August 29, 1981;

(8) An estimate dated June 19, 1982, on the letterhead of Northwest Automobile Brokers showing the current value of a 1967 Dodge Polara at $3,200;

(9) A photostat of two receipts, one showing $500 paid on account dated August 7, 1981, and a second showing $867.05 paid August 29, 1981, both to Midwest Auto Service;

(10) A bill dated July 25, 1981, for $159 to Cal-Sag Auto Recycling;

(11) A portion of a statement from Blue Cross/Blue Shield, showing hospital charges incurred by Donald Singer on June 27, 1981, of $336.20;

(12) A statement from Family Physicians of Mount Prospect showing several charges for care to Gloria and Nancy Singer, including a $9.00 charge for Nancy Singer on August 3, 1981;

(13) Copies of six pages of some type of advertisements including an offer for sale of a 1967 Dodge Polara by Donald Singer and of what appear to be newspaper advertisements for the sale of other automobiles similar in make and model to that of plaintiffs' automobile.

On June 28, 1985, plaintiffs filed a motion to vacate the March 1985 dismissal pursuant to the provisions of section 2—1401 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par.2—1401), alleging that on March 18, 1985, plaintiffs' counsel informed defendant's counsel that he had compiled the request for production, specials and reports and completed the interrogatories, and it was agreed they would meet in court for the filing of these documents the next day; that on March 19, 1985, counsel for plaintiffs filed the answers to interrogatories with the accompanying documents, but the court dismissed the case based upon defendant's counsel's statement that the interrogatories were not complete; and that the court failed properly to review the answers and the attachments. Plaintiffs further alleged that since entry of the March 19, 1985, order, "Interrogatories and Supplemental Interrogatories have been answered and forwarded to the counsel for the Defendant and all existing exhibits attached thereto have been so furnished." In this regard, we note that neither the record as originally filed, nor as supplemented, indicates the filing or service of any such documents in the trial court subsequent to March 19, 1985.

Plaintiffs first contend that the trial court abused its discretion in dismissing their cause of action on March 19, 1985, for noncompliance with discovery. Since plaintiffs did not appeal the March 19, 1985, order, the correctness of that order is not before us.

■ To obtain relief under section 2—1401, plaintiffs must show that they have a meritorious claim and that they were diligent in protecting their rights. (*City of Chicago v. Central National Bank* (1985),

134 Ill. App. 3d 22, 25, 479 N.E.2d 1040.) We note that a liberal policy exists with respect to vacating defaults where a motion to vacate is filed within 30 days. (134 Ill. App. 3d 22, 25, 479 N.E.2d 1040.) Even in such circumstances, however, the party seeking relief must come forth with some legitimate excuse for failure to comply with discovery and show a willingness to comply in the future. (*Hall v. Jacobs* (1985), 134 Ill. App. 3d 516, 521, 481 N.E.2d 5.) However, when 30 days have passed the argument that fundamental fairness demands a trial on the merits yields more easily to the proposition that courts cannot be indifferent to litigants' disregard for procedural rules and, in a case such as this, requesting section 2—1401 relief in the context of a claimed failure to answer interrogatories, plaintiffs must show that the dismissal order was not entered because of their lack of diligence. *Kukuk v. Checker Taxi Co.* (1973), 13 Ill. App. 3d 5, 9, 299 N.E.2d 468.

Plaintiffs maintain that the ends of justice require that they be awarded relief, because they had in fact complied with discovery by filing their answers to interrogatories and the exhibits; and that as explained in their section 2—1401 petition, the interrogatories had not been answered more promptly because plaintiffs' previous counsel, in spite of a court order, had not promptly turned over the file in this case to plaintiffs' present counsel who had been trying to reconstruct the file with plaintiffs' help, and plaintiffs should not be punished for the refusal of their previous lawyer to turn over the file. Defendant points out that prior to the dismissal on March 19, 1985, two orders had been entered requiring plaintiffs to answer the interrogatories, which were originally filed on October 24, 1983, 17 months earlier; that no interrogatories were filed with respect to Nancy Singer; and that the interrogatories filed with respect to Donald Singer on March 19, 1985, were not complete as mandated by the court's January 18, 1985, order. The record as supplemented, however, shows that Nancy Singer's answers, together with the 23 pages of attachments, were also filed on March 19, 1985, as plaintiffs have claimed.

With respect to the adequacy of the answers, we note that despite the request for detailed information most of the information provided by Donald Singer was quite general—the name of one witness; that Donald Singer had suffered an extreme loss of hearing in the past three years, possibly from hitting the windshield; that he suffered neck and head injuries; and that unidentified people took pictures at the scene of the accident. Nancy Singer's answers were practically identical and also very general. Such lack of detail is illustrated in the following identical answers filed by each plaintiff on March 19, 1985:

"5. With regard to said injuries, state:

(a) The name and address of each attending physician.

(b) The name and address of each consulting physician.

(c) The name and address of each person or laboratory taking an x-ray of you.

(d) The date or inclusive dates on which each of them rendered you service.

(e) The amounts to date of their respective bills for services.

(f) From which of them do you have written reports?

All information will be sent under separate cover upon receipt from client.

6. As the result of said personal injuries, were you a patient or out-patient in any hospital or clinic? If so, state the names and addresses of each such hospital or clinic, the amounts of their respective bills and the date or inclusive dates of said services.

All information will be sent under separate cover upon receipt from client.

\* \* \*

8. Were you the owner of any vehicle involved in said occurrence? If so, was said vehicle repaired and, if so, where and by whom and what was the cost of said repairs?

All information will be sent under separate cover upon receipt from client.

9. State any and all other expenses or losses you claim as the result of said occurrence.

Investigation continues."

Although plaintiffs maintain the court did not actually review the interrogatories, the record does not affirmatively support this claim. Plaintiffs also claimed in their section 2—1401 petition that supplementary answers had subsequently been forwarded to defendant's counsel, but, as previously noted, there is nothing in the record to show that any documents or information were in fact forwarded.

■■ ■ At the August 20, 1985, hearing, plaintiffs' counsel maintained that plaintiffs had complied with discovery by filing their answers to interrogatories and the exhibits and argued that plaintiffs should not be punished for the refusal of their previous lawyer to turn over the file. In their Section 2—1401 petition, plaintiffs maintained that the interrogatories had not been answered more promptly because plaintiffs' previous counsel, in spite of a court order, had not promptly turned over the file in this case to plaintiffs' present counsel who had been trying to reconstruct the file with plaintiffs' help.

Granting that plaintiffs' present counsel did not have the file, it is difficult to see why, having entered the case 11 months earlier, he was unable to contact his clients to obtain detailed answers to interrogatories addressed to both of his clients. Moreover, it is apparent from the 23 pages of documents attached to Nancy Singer's answers that detailed information was in the possession of plaintiffs and their counsel so that plaintiffs could have answered the interrogatories in much greater detail as Supreme Court Rule 213(c) (87 Ill. 2d R. 213(c)) requires. The rule has been interpreted to require a party to answer fully and in good faith to the extent of his actual knowledge and the information available to him or to his attorney. (*Brandon v. DeBusk* (1980), 85 Ill. App. 3d 645, 647, 407 N.E.2d 193.) Although Rule 213(d) (87 Ill. 2d R. 213(d)) provides an option to produce documents, the answers filed in this case do not specify the documents or abstract or summarize them as is suggested by Rule 213(d). We do not approve the practice followed here of simply attaching to the answers numerous unverified, unidentified documents not specifically referred to or described in the answers, and we do not consider such a practice is an acceptable substitute for the answers required by Supreme Court Rule 213(c). On this record, the trial court was justified in finding that neither plaintiff had furnished satisfactory answers.

Sanctions for a party's violation of the discovery procedures should be "proportionate to the circumstances." (*Buehler v. Whalen* (1977), 70 Ill. 2d 51, 67, 374 N.E.2d 460.) Discovery is a mechanism for the ascertainment of truth. (*Ostendorf v. International Harvester Co.* (1982), 89 Ill. 2d 273, 282, 433 N.E.2d 253.) Consequently, the goal of discovery sanctions is to accomplish complete discovery, not to punish, and a default judgment should be imposed as a sanction only as a last resort. (*Jaffe v. Fogelson* (1985), 137 Ill. App. 3d 961, 964, 485 N.E.2d 531.) Substantial compliance with Supreme Court Rule 201(k) (87 Ill. 2d R. 201(k)) must be shown by the record. (*Simmons v. Shimek* (1985), 139 Ill. App. 3d 927, 488 N.E.2d 283; *cf. Fabian v. Norman* (1985), 138 Ill. App. 3d 507, 486 N.E.2d 335.) The standard of review is whether the trial court has abused its discretion or applied impermissible legal criteria. *Ashford v. Ziemann* (1984), 99 Ill. 2d 353, 369, 459 N.E.2d 940; *Tinsey v. Chicago Transit Authority* (1986), 140 Ill. App. 3d 546, 549, 488 N.E.2d 1301.

Although plaintiffs claim there would be no hardship or prejudice to the defendant if the cause of action were reinstated, we think it is clear that the resulting delay, inconvenience and expense sustained by defendant is a relevant consideration, and where there is no excuse for the previous failure to comply and no changed circum-

stances or additional facts are brought to the court's attention, vacature of the order is not warranted. (*Hall v. Jacobs* (1985), 134 Ill. App. 3d 516, 521, 481 N.E.2d 5; *Kukuk v. Checker Taxi Co.* (1973), 13 Ill. App. 3d 5, 9, 299 N.E.2d 468.) The record indicates there were no changed circumstances between March 19, 1985, when the presiding judge characterized the plaintiff's answers as not "in compliance with the spirit of discovery," and the situation five months later on August 20, 1985, when, in response to plaintiffs' counsel's request for a "reason" for the trial court's ruling, the trial court stated: "The same reason I gave then is the same reason I give now. It was outrageous."

■ The question before the court, in exercising its discretion under section 2—1401, is whether there are facts which, if known by the trial court at the time judgment was entered, would have prevented its rendition. (*Davis v. Chicago Transit Authority* (1980), 82 Ill. App. 3d 987, 403 N.E.2d 615.) As the trial court indicated, the facts before the court were the same on March 19, 1985, and August 20, 1985. Assuming, *arguendo*, that the trial court had abused its discretion on March 19, 1985, plaintiffs' remedy was a direct appeal from that judgment. (*Lazzara v. Dreyer Medical Clinic* (1983), 120 Ill. App. 3d 721, 726, 458 N.E.2d 958; *Ruttenberg v. Red Plastic Co.* (1979), 68 Ill. App. 3d 728, 732, 386 N.E.2d 616.) Our observation does not imply, however, that we believe the trial court abused its discretion on March 19, 1985. (See *Big Three Food & Liquor, Inc. v. State Farm Fire & Casualty Co.* (1979), 79 Ill. App. 3d 63, 398 N.E.2d 264.) We find no abuse of discretion in the denial of section 2—1401 relief.

Therefore the judgment of the circuit court of Cook County is affirmed.

Affirmed.

QUINLAN, P.J., and CAMPBELL, J., concur.