MODINE MANUFACTURING COMPANY, Appellant, v. THE POLLUTION CONTROL BOARD *et al.*, Appellees.

Second District    No. 2—89—0350

Opinion filed December 28, 1989.—Rehearing denied January 29, 1990.

Roy M. Harsch and William W. Yotis III, both of Gardner, Carton & Douglas, of Chicago (Daniel F. O'Connell, of counsel), for petitioner.

Neil F. Hartigan, Attorney General, of Springfield, and Dorothy M. Gunn and John Marlin, both of Pollution Control Board, of Chicago (Robert J. Ruiz, Solicitor General, and Jan Hughes and Jerald S. Post, Assistant Attorneys General, of Chicago, of counsel), for respondent Pollution Control Board.

Neil F. Hartigan, Attorney General, of Springfield, and Betty Harrop and Joseph R. Podlewski, both of Environmental Protection Agency, of Maywood (Robert J. Ruiz, Solicitor General, and Jan Hughes and Jerald S. Post, Assistant Attorneys General, of Chicago, of counsel), for respondent Environmental Protection Agency.

JUSTICE INGLIS delivered the opinion of the court:

Modine Manufacturing Company (Modine) appeals from a final order entered by the Pollution Control Board (Board) dismissing Modine's permit appeal as a sanction for Modine's failure to timely file its brief. Modine argues that such a sanction was an abuse of the Board's discretion and should be reversed. In support of its argument, Modine contends that (1) it filed its brief only five days late; (2) its failure to timely file a brief did not warrant dismissal of its petition; and (3) the sanction imposed was a radical departure from the Board's policy of allowing late filings. We affirm the Board's ruling.

Modine owns and operates a manufacturing plant in Ringwood, Illinois, where it fabricates aluminum condensers. Modine applied to the Environmental Protection Agency (Agency) for a permit to operate an infrared oven used in its manufacturing process. The operating permit was denied on the basis that Modine had not demonstrated compliance with certain metal-coating requirements contained in section 215.204 of the Illinois Administrative Code (35 Ill. Adm. Code §215.204 (1985)). On August 13, 1987, Modine timely filed a petition for review of the operating-permit denial. Modine argued that its operations constituted "bonding" rather than "coating" operations and, therefore, were not subject to the coating requirements applied by the Agency.

On August 20, 1987, the Board accepted the matter for hearing. Although a decision was originally due within 120 days, pursuant to section 40 of the Environmental Protection Act (Act) (Ill. Rev. Stat. 1987, ch. 111½, par. 1040), Modine waived its right to a decision until May 30, 1988. The Agency's first set of interrogatories and request for production of documents were served on Modine and filed with the Board at the end of August 1987.

On September 21, 1987, the hearing officer issued a scheduling order whereby a hearing was set for December 18, 1987. On September 28, 1987, the Agency wrote to Modine informing it that the Agency had not yet received answers to the interrogatories or the documents requested. On October 7, 1987, Modine wrote to the Agency and informed it that Modine would not be able to comply with the Agency's discovery request until November 13, 1987, and

proposed a new schedule. Modine also filed its first set of interrogatories, document requests, and requests to admit.

On October 12, 1987, the hearing officer, by agreement of the parties, rescheduled the December 18, 1987, hearing for February 10, 1988, and provided that both parties were to respond to each other's discovery by November 13, 1987. On November 20, 1987, the Agency filed its answers to Modine's first set of interrogatories and request to admit. On December 9, 1987, the Agency filed a motion to compel Modine to answer the Agency's first set of interrogatories and produce documents. By agreement of the parties, the hearing officer granted the Agency's motion to compel and Modine was ordered to comply with the discovery requests by December 18, 1987. On December 18, 1987, Modine filed an unsigned answer to the Agency's interrogatories, and filed a signed copy on December 29, 1987.

On January 27, 1988, Modine filed a motion to extend pretrial matters and to continue the hearing until April 8, 1988. In its motion, Modine further provided that it waived its right to a decision for an "indefinite period of time." Over the Agency's objection, the hearing officer entered an order continuing the hearings until March 9, 1988, and stated that "[t]his order shall not preclude the Respondent from seeking sanctions against Petitioner (if it so chooses) concerning Petitioner's alleged failure to comply with previous discovery requests."

At the conclusion of the hearings on March 10, 1988, Modine and the Agency agreed to file briefs in lieu of closing arguments. On March 14, 1988, the hearing officer established a briefing schedule whereby Modine's brief was due on May 2, 1988, and the Agency's brief was due on May 23, 1988. Neither brief was filed by the due date. On May 25, 1988, Modine's counsel wrote the Agency in response to a telephone call from the Agency and said that he would try to work on the brief over the Memorial Day weekend and that he would move for an extension of time.

On July 15, 1988, the Agency wrote to Modine informing it that its brief was 11 weeks overdue and that the Agency would file a motion to dismiss for want of prosecution if the brief was not filed by July 22, 1988, or if by that date Modine did not inform the Agency when its brief would be filed. On July 21, 1988, counsel for Modine wrote a letter to the Agency confirming a July 19, 1988, telephone conversation with the Agency, and stated, "I must admit to having completely forgotten about this brief." Counsel for Modine stated that the briefing schedule had been misdocketed, and told the

Agency, "I am committing to you to have the briefs on your desk by [August 29, 1988.]" No brief was filed by that date. Modine subsequently advised the Agency and the hearing officer that the delay was due to the serious illness of a close relative of the senior attorney in the proceeding, and stated that the brief would be forthcoming.

Because no brief had been filed as of October 6, 1988, the Board on its own motion entered an order noting that it considered the lack of compliance with the hearing officer's March 14, 1988, briefing schedule "a serious matter." It further provided that the nature of the issues in the proceeding was such that they needed to be fully briefed. Accordingly, the Board ordered a new briefing schedule, whereby Modine's brief was due on October 27, 1988, and the Agency's brief was due on November 17, 1988.

Modine again missed the deadline for filing its brief. On November 1, 1988, the Agency filed a motion for sanctions seeking either a judgment by default against Modine and in favor of the Agency, a dismissal of the appeal with prejudice, or an order striking Modine's brief, in the event it was filed before the Board ruled on the Agency's motion. On November 2, 1988, Modine filed its brief with a motion for leave to file *instanter*. In its motion for leave to file *instanter*, and in its response to the motion for sanctions, Modine stated that its failure to meet the October 27 deadline was due to the press of other business and a word-processing malfunction. Modine argued that it kept the Agency fully apprised of these developments. However, the Agency denied that it received any word from counsel for Modine until after the motion for sanctions was filed with the Board.

On November 17, 1988, the Board issued an order denying Modine's motion for leave to file its brief *instanter*, granting the Agency's motion for sanctions, and dismissing the case with prejudice. The Board said that it imposed the sanction because it believed that Modine had unreasonably failed to comply with the orders of the hearing officer and Board. The Board noted that no motions were filed with the hearing officer, and no contact was made with the Board, during the 22-week period between the original due date of Modine's brief (May 2, 1988) and the date the Board issued its order resetting the briefing schedule (October 6, 1988). Although the Board acknowledged Modine's statements regarding the reasons for delay, the Board stated that Modine still should have filed a motion for extension of time. Further, the Board noted:

> "The Board has been the object of criticism from many observers for its perceived failure to resolve cases quickly, and has it-

self recognized the need to tighten its procedures. The Board needs to control its docket, and will not tolerate the delay of a petitioner who files its brief 26½ weeks after the original due date without ever moving the Board for an extension of time, or even contacting the Board."

On December 21, 1988, Modine filed a motion to reconsider. On January 6, 1989, the Agency filed a response arguing that the dismissal was proper. Before making its ruling, the Board ordered the hearing officer to respond to claims made by Modine that it had obtained two extensions of time during the summer of 1988 from the hearing officer. In response, the hearing officer informed the Board that, while Modine's attorney did contact him at various times regarding the brief, he understood the contacts to be a matter of courtesy to explain Modine's tardiness in the preparation of its brief. The hearing officer explained that none of the conversations with Modine were represented to him or understood by him as being oral motions, and no oral extensions of time were granted by him.

On March 9, 1989, the Board issued an order denying Modine's motion for reconsideration and upholding its dismissal of the case. In so doing, the Board stated:

"The record contains no written motions for extensions, and the hearing officer states that he did not grant any oral extensions of time. Given the record, offset only by Modine's claim that it believed that it had received extensions from the hearing officer, the Board finds that there were no formal extensions of the briefing schedule. Thus, as pointed out in the Board's November 17, 1988 order dismissing this proceeding, Modine's brief was filed 26½ weeks late. The Board will not tolerate such delay."

Modine filed a timely petition for review, contending that the Board's finding was an abuse of discretion.

■ We first consider Modine's contention that the delay to be considered for purposes of sanctions is five days, rather than 26½ weeks. Modine argues that by entering the October 1988 order revising the briefing schedule, the Board reset the time for determining delay from May 2, 1988, as set by the hearing officers' March 1988 order, to October 27, 1988. However, this argument takes the sanction of the Board out of context. While it is true that Modine missed the October 27 deadline by less than a week, this does not negate the fact that Modine was repeatedly late in its filings throughout this proceeding. Discovery deadlines were missed; personal commitments made by Modine's counsel to the Agency were disregarded; the order

of the hearing officer was ignored; and, finally, the Board-imposed deadline was not met. In ruling upon Modine's motion to reconsider, the Board stated, "[t]he sanction imposed upon Modine was based upon the repeated violations, and not solely upon Modine's failure to file its brief in accordance with the Board-imposed deadline."

Modine has cited no cases to support its position that only the final act of tardiness may be considered. The Board has cited to *Brantley v. Delnor Hospital, Inc.* (1970), 120 Ill. App. 2d 185, 192, for the proposition that flagrant and continued infringements of procedures and rules cannot be tolerated. We agree with the Board and find that the repeated nature of Modine's conduct may be taken into account in determining the type of sanction to impose.

■ We next address Modine's contention that its failure to timely file a brief did not warrant dismissal. It is not disputed that the Board has the authority under its rules to dismiss a suit with prejudice where a party unreasonably refuses to comply with a procedural rule or fails to comply with an order. (35 Ill. Adm. Code §107.101(c) (1985).) This court has held that the sanction of dismissal should be invoked only in those cases where the actions of a party show a deliberate, contumacious, or unwarranted disregard of the court's authority. *Unity Ventures v. Pollution Control Board* (1985), 132 Ill. App. 3d 421, 434.

■ Modine argues that the record does not show any contempt or disregard of the Board's authority. It explains, and attempts to excuse, the delay between the original due date (May 2, 1988) and the date the Board issued its order resetting the briefing schedule (October 6, 1988) as a misunderstanding between it and the hearing officer. Modine further argues that its failure to meet the October 27 deadline was "fully explained" and that "every effort" was made to inform both the Agency and the Board of the delay. We disagree. We believe that Modine should have at least contacted the Board at some point during the 26½-week period or, preferably, filed a motion with the Board for an extension of time. Modine's failure to do so constituted an unreasonable and deliberate disregard of the Board's authority. As such, dismissal was a possible sanction available to the Board.

■ Modine argues that dismissal was inappropriate as a sanction because the Agency never claimed that it had been prejudiced by Modine's failure to file a timely brief. Modine cites *Tinsey v. Chicago Transit Authority* (1986), 140 Ill. App. 3d 546, 548-49, in support of its argument. In *Tinsey,* the defendant failed to produce certain information to the plaintiff until the pretrial conference. As a sanction,

the trial court ordered a new trial. On review, the appellate court found that the order was an abuse of the trial court's discretion, in part, because the plaintiff failed to show any prejudice resulting from the defendant's action. *Tinsey*, 140 Ill. App. 3d at 549.

We believe that *Tinsey* is inapplicable to the case at bar. While the Agency may not have been prejudiced by the delay, the Board clearly was. The record indicates that at the end of the hearing on March 10, 1988, the parties waived closing arguments in favor of preparing briefs. In its October 6 order, after receiving no briefs for 22 weeks, the Board stated that "the nature of the issues in this proceeding is such that the Board deems it necessary that the issues be fully briefed." It was the Board, rather than the Agency, that requested the briefs and determined that it could not proceed to make a decision without them. Therefore, the party most likely to be prejudiced by Modine's failure to timely file a brief is the Board, not the Agency. We must recognize the Board's authority, and need, to control its docket and tighten its procedures. As such, the absence of a prejudice argument on behalf of the Agency cannot bar the Board from imposing dismissal as a sanction.

■■ Modine further argues that the Board's action of dismissing the petition with prejudice constituted punishment and was unwarranted as the most severe sanction available. While it is true that the purpose of imposing sanctions is to compel cooperation rather than to punish the noncompliant party, this court has recognized that it is also appropriate to consider the need for using sanctions as a general deterrent to provide a strong incentive for all litigants to fully and accurately comply with procedural rules. *Lavaja v. Carter* (1987), 153 Ill. App. 3d 317, 323.

In the case at bar, Modine was able to delay the proceeding below for 26½ weeks simply by failing to abide by the orders of the hearing officer and Board. We agree with the Board that such actions are "serious" and should be dealt with accordingly. Modine argues that "[t]he Board could have clearly and forcefully demonstrated its displeasure with Modine by striking its Post-Trial Brief and at the same time making a decision on the merits." However, this would have provided very little deterrent to anyone, much less Modine. Further, such a sanction would be inappropriate considering that the Board determined that it was necessary to have the briefs in order to make a ruling.

We lastly consider Modine's contention that the sanction imposed was a radical departure from the Board's policy of allowing late filing and, therefore, was an abuse of discretion.

■ An administrative agency may not arbitrarily disregard its prior custom or practice. (*Alton Packaging Corp. v. Pollution Control Board* (1986), 146 Ill. App. 3d 1090, 1094.) While Modine did offer evidence of the Board's practice concerning delays in the past, it failed to offer any evidence of prior practice involving delays of the magnitude or circumstances presented here. Indeed, the Board stated that it was unsure whether it had ever even encountered such a delay, much less established a custom or practice with regard to it. Because we find that no prior practice has been established, Modine's argument that the Board must "warn" of changes in that practice need not be addressed.

The imposition of sanctions rests largely with the discretion of the administrative agency and will not be disturbed on review absent a clear abuse of that discretion. (*Lavaja v. Carter* (1987), 153 Ill. App. 3d 317, 323; *Hetzer v. State Police Merit Board* (1977), 49 Ill. App. 3d 1045, 1047.) The question on review is not whether this court would decide upon a more lenient sanction were it to determine initially what discipline would be appropriate. (*Feliciano v. Illinois Racing Board* (1982), 110 Ill. App. 3d 997, 1005.) Rather, this court is to determine whether in view of the circumstances presented, the Agency in opting for the particular sanction acted unreasonably or arbitrarily. (*Feliciano*, 110 Ill. App. 3d at 1005; *Sutton v. Civil Service Comm'n* (1982), 91 Ill. 2d 404, 411.) Given that Modine repeatedly violated the hearing officer and Board orders, and was able to delay a decision in the proceedings for 26½ weeks, we find that dismissing the petition as a sanction was reasonable and appropriate.

Accordingly, we affirm the order of the Board.

Affirmed.

UNVERZAGT, P.J., and REINHARD, J., concur.