JOHN MATHES & ASSOCIATES, INC., Plaintiff-Appellee, *v.*
LARRY NOEL *et al.*, d/b/a Sandstone, Ltd., Defendants-Appellants.

Fifth District No. 79-627

Opinion filed March 25, 1981.

James J. Massa, of Massa & Billeaud, of Collinsville, for appellants.

Crowder, Traughber & Scoggins, Ltd., of Columbia, for appellee.

Mr. PRESIDING JUSTICE KASSERMAN delivered the opinion of the court:

Action was brought by John Mathes and Associates, Inc., against Larry Noel and Tom Brimbury, doing business as Sandstone, Limited, for breach of oral contract for test drilling of soil cores and for engineering and related services performed by plaintiff. Following unsuccessful attempts at discovery, the plaintiff moved pursuant to Supreme Court Rule 219(c) (Ill. Rev. Stat. 1979, ch. 110A, par. 219(c)) to strike the pleadings of defendant Tom Brimbury and to enter judgment for the plaintiff. The trial court entered an order of default against Brimbury and entered a judgment in favor of the plaintiff and against Brimbury in the sum of $6,549.44 plus costs. Brimbury, hereinafter referred to as defendant, appeals from the judgment.

Plaintiff's complaint was filed on February 17, 1978. Defendant filed an answer denying plaintiff's allegations on April 5, 1978. On May 22, 1978, plaintiff filed a notice to take the deposition of the defendant at the office of his attorney on June 20, 1978. Deposition of Brimbury was set for June 20, 1978, and subsequently was rescheduled for June 29 and September 14, 1978, after defendant cancelled the deposition on each occasion. On September 14, plaintiff contacted attorney for defendant by mail and reset the deposition for October 6, 1978, noting the late cancellation of the most recent deposition and asserting that plaintiff would agree to no further continuances.

The October 6 deposition was again cancelled by the defendant. On October 10, plaintiff filed a petition for sanctions, and a hearing on the

petition was set for October 17, 1978. When defendant did not appear at the hearing, a default judgment was entered against him. On October 30, defendant moved to set aside the default judgment, alleging that all of the cancellations of the deposition dates had been for good cause. The default judgment was set aside on December 22, 1978, on the condition that defendant appear for his deposition on February 1, 1979.

On January 31, 1979, defendant moved for a continuance, and the deposition was continued until February 8. Because of a snowstorm, the February 8 deposition was continued to February 22, 1979, by stipulation of the parties. An order pursuant to the stipulation was entered on February 14.

The February 22 deposition was set for 4 p.m. at the offices of plaintiff's attorney in Columbia, Illinois. Prior to 4 o'clock defendant's counsel informed defendant and plaintiff's attorney that he would be delayed; and at 4:20 or 4:30, he indicated that he had just left his office in Alton to proceed to Columbia. Defendant himself had been present since 4 o'clock.

Prior to the arrival of defendant's attorney, counsel for the plaintiff made the following entry into the record:

"Mr. Traughber: We are here for a deposition scheduled at 4:00 o'clock and we are ready to proceed with the deposition and Mr. Brimbury is here and I think that unless we proceed with it that all costs resulting from the deposition should be taxed to the defendant, Tom Brimbury. Right now, it is five minutes after 5:00 o'clock. Also, the plaintiff Gary Mathes, vice president of John Mathes & Associates, Inc., has been present for his deposition since 4:00 o'clock."

When defendant's counsel arrived at 5:30, the following proceedings were held of record:

"Mr. Massa: Tom is not going to give his deposition with his [sic] [Gary Mathes] staying in here.

Mr. Traughber: I want to go on the record to state it is 5:30. My client has been here since 4:00 o'clock. His deposition was noticed to be taken here at 4:00 o'clock, and that I am going to request that we be paid his fees and my fees for showing up and waiting for an hour and a half, and the court should particularly take notice of the background of this file and that the defendant refused to have his deposition taken.

Mr. Massa: Let the record show that the defendant refuses to give his deposition when Gary Mathes is in the room because of ill will which exists between the parties.

Mr. Traughber: That is ridiculous, Jim, really.

Mr. Massa: I would have been here at 4:00 o'clock, today except

that I had a Workmen's Compensation Hearing at Alton which did not finish until 4:00 o'clock and I think it is about a seventy mile drive down here through the traffic, particularly in Dupo, and I have been on my way since then. But we are here, and let the record show Tom is presently willing to give his deposition but not with Gary Mathes in the room."

At this juncture, the proceedings broke up, and defendant and his counsel left.

On April 2, 1979, plaintiff again filed a motion for sanctions. A hearing was held on April 18, and each party was given 15 days within which to file briefs. Plaintiff filed a memorandum on May 2, 1979. On May 7, defendant filed a motion for extension of time to file his brief. Plaintiff objected on May 11. On July 2, 1979, an order was entered denying defendant's motion for extension of time, striking the pleadings of defendant and entering a default judgment in favor of plaintiff and against the defendant, and setting the cause for proof of damages on July 12, 1979.

Defendant filed an additional motion for extension of time on July 3. He asserted that he was scheduled to depose the court reporter who was present at the February 22 deposition and contended that her testimony regarding the circumstances surrounding the abandonment of the prior deposition was material to the issues before the court.

On July 12, 1979, testimony was taken on the issue of damages, and judgment was entered against defendant in the amount of $6,549.44 plus $34.10 costs. On July 23, plaintiff moved to quash the notice of deposition of the court reporter. The motion was denied, and on August 6, the deposition of the court reporter was taken, in which the reporter was deposed regarding the events at the deposition on February 22, 1979.

Subsequently, on August 10, 1979, defendant filed a motion to reconsider and set aside the default judgment. The motion asserted that plaintiff was at least partially responsible for the cancellation of the February 22 deposition and alleged that plaintiff's attorney communicated with the defendant outside the presence of defendant's attorney, attempted to intimidate or improperly influence the defendant, and refused to depose the defendant outside the presence of the plaintiff. The attorney for plaintiff responded by affidavit, stating that at no time did he coerce, threaten, or make demands on the defendant. The motion to reconsider and set aside judgment was denied, and defendant appeals therefrom.

Defendant's basic contention on appeal is that the court's entry of a default judgment constituted an abuse of discretion since the court had not exhausted other remedies available to enforce discovery under Supreme Court Rule 219(c) (Ill. Rev. Stat. 1979, ch. 110A, par. 219(c)).

■■ We recognize that sanctions under Rule 219(c) are to be used by the trial court to accomplish the objectives of discovery and must not be used simply to penalize a party who has not been diligent in complying with discovery. (*United Excavating & Wrecking, Inc. v. J. L. Wroan & Sons, Inc.* (1976), 43 Ill. App. 3d 101, 356 N.E.2d 1160; *In re Estate of Fado* (1976), 43 Ill. App. 3d 759, 357 N.E.2d 195.) We also recognize that default judgment is a drastic measure, to be used only when other enforcement powers fail to advance the litigation. (*United Excavating & Wrecking, Inc. v. J. L. Wroan & Sons, Inc.*) However, the trial court properly exercised its discretion in concluding that such drastic measures were called for in the instant case.

In general, the imposition of sanctions for noncompliance with discovery rules rests within the discretion of the trial court, and courts of review will not interfere except in cases of apparent abuse of that discretion. (*United Excavating & Wrecking, Inc. v. J. L. Wroan & Sons, Inc.*) The court has a broad range of sanctions at its disposal. They include the power to stay further proceedings, to bar witnesses from testifying, to prevent the offending party from filing other pleadings relating to the issues to which a failure or refusal to act relates, to award attorney fees, or to enter a judgment against the offending party. Ill. Rev. Stat. 1979, ch. 110A, par. 219(c); *United Excavating & Wrecking, Inc. v. J. L. Wroan & Sons, Inc.*

■■ Entry of judgment against the offending party has been authorized where "the actions of the party show a deliberate and contumacious disregard of the court's authority" (*In re Estate of Fado*, 43 Ill. App. 3d 759, 763, 357 N.E.2d 195, 198, or where "the conduct of the offending party seems to have been characterized by a deliberate and pronounced disregard for the rule or order not complied with." (*612 North Michigan Avenue Building Corp. v. Factsystem, Inc.* (1975), 34 Ill. App. 3d 922, 926, 340 N.E.2d 678, 682; *Serpe v. Yellow Cab Co.* (1973), 10 Ill. App. 3d 1, 5, 293 N.E.2d 742, 744.) In rebutting the imposition of sanctions under either of these conditions, the burden is on the offending party to establish that his failure to comply with discovery was justified by extenuating circumstances. *Quarles v. Nationwide Insurance Co.* (1978), 66 Ill. App. 3d 455, 383 N.E.2d 1234.

■■ In the instant case, defendant's dilatory tactics demonstrate a deliberate, contumacious, and pronounced disregard of the court's authority. The failure of the February 22 deposition, which defendant asserts was not entirely his fault, was a single incident in a continuing series of delays which totally thwarted the discovery process. Such delays cannot be condoned because they evince a deliberate and pronounced disregard of the authority of the court. *In re Estate of Fado*; *North Michigan Avenue Building Corp. v. Factsystem, Inc.*

Defendant was given multiple opportunities over a period of nine months to fulfill his discovery responsibilities under the direction of the court. When a petition for sanctions was filed, defendant failed to appear, and a default judgment was entered. Judgment was set aside on condition that defendant comply with plaintiff's request for discovery, but this condition was not met. Finally, plaintiff again sought sanctions, and both parties were given 15 days in which to file briefs. When defendant had not filed his brief two months later, default judgment was once again entered against him. While defendant asserts that he felt "threatened and emotional" because of the presence of Gary Mathes at the February 22 deposition, neither he nor his attorney ever took steps to obtain a protective order under Supreme Court Rule 201(c) (Ill. Rev. Stat. 1979, ch. 110A, par. 201(c)), or a limit in the manner of examination under Supreme Court Rule 206(d) (Ill. Rev. Stat. 1979, ch. 110A, par. 206(d)). The incident can be construed as nothing more than another attempt to avoid court-ordered discovery.

In light of this series of events, we cannot conclude that the trial court abused its discretion in entering default judgment against the defendant. By continuing to delay the discovery process after the original default judgment was set aside, defendant demonstrated that lesser sanctions would have no effect in furthering the objectives of discovery. The repeated nature of defendant's delays, in spite of all admonitions and sanctions, demonstrated deliberate, contumacious, and pronounced disregard of the authority of the court.

In *Bailey v. Twin City Barge & Towing Co.* (1979), 70 Ill. App. 3d 763, 388 N.E.2d 789, this court affirmed a judgment against plaintiff imposed under Supreme Court Rule 219(c) where plaintiff failed to comply with discovery orders three times as the date for trial approached. Under the circumstances of the instant case, judgment against the defendant is equally justified.

We are not unmindful of the decision of our supreme court in *Williams v. A. E. Staley Manufacturing Co.* (1981), 83 Ill. 2d 545, in which the court commented on the failure of defendant to comply with Supreme Court Rule 201(k) (Ill. Rev. Stat. 1979, ch. 110A, par. 201(k)), which provides:

> "Every motion with respect to discovery shall incorporate a statement that after personal consultation and reasonable attempts to resolve differences the parties have been unable to reach an accord. * * *"

In *Williams*, the trial court had granted plaintiff's motion to reinstate his complaint after originally granting defendant's motion to dismiss the complaint for plaintiff's failure to produce requested documents. The supreme court observed that nowhere in defendant's motion to dismiss

the complaint for failure to produce the requested documents was there any statement complying with Rule 201(k) or any indication that consultations similar to those contemplated by the rule took place or were attempted. Based on these facts, the supreme court affirmed the trial court's ultimate refusal to apply sanctions and stated:

> "We emphasize that Rule 201(k) is not precatory. In promulgating it this court realized that one is not always able to contact opposing counsel, or that, when contacted, some lawyers are uncooperative. That fact, however, does not justify dispensing with a good-faith effort to contact counsel and resolve differences. In proper circumstances Rule 201(k) might be satisfied by a showing of active, but unsuccessful, efforts to contact, and proof of telephone calls unreturned or letters unanswered might, in some instances, suffice. * * *
>
> Discovery is not a tactical game, and Rule 219(c) (73 Ill. 2d R. 219(c)) provides remedies against unreasonable opponents. Discovery is intended as, and should be, a cooperative undertaking by counsel and the parties, conducted largely without court intervention, for the purpose of ascertaining the merits of the case and thus promoting either a fair settlement or a fair trial. For those who use it to impede and harass, this court's admonition in *Buehler v. Whalen* (1977), 70 Ill. 2d 51, 67, is appropriate: 'Discovery for all parties will not be effective unless trial courts do not countenance violations, and unhesitatingly impose sanctions proportionate to the circumstances.' " *Williams v. A. E. Staley Manufacturing Co.* (1981), 83 Ill. 2d 545, 566.

■■ The record in the instant case is replete with instances in which the plaintiff consulted personally with the defense attorney and made reasonable attempts to resolve all differences regarding discovery. This, we conclude, constitutes substantial compliance with Supreme Court Rule 201(k).

Accordingly, the judgment of the circuit court of Monroe County is hereby affirmed.

Affirmed.

JONES and HARRISON, JJ., concur.