VIRGELEAN SIMMONS, Plaintiff-Appellant, v. PAUL SHIMEK, Defendant-Appellee.

Third District   No. 3—84—0559

Opinion filed December 30, 1985.

Nat P. Ozmon, Larry M. Evans, and Steven E. Nieslawski, all of Anesi, Ozmon, Lewin & Associates, Ltd., of Chicago, for appellant.

E. Kent Ayers and Neil T. Goltermann, both of Murphy, Timm, Lennon, Spesia & Ayers, of Joliet, for appellee.

JUSTICE BARRY delivered the opinion of the court:

The plaintiff, Virgelean Simmons, filed a personal injury claim against the defendant, Paul Shimek, for injuries sustained in an automobile accident. The complaint was ultimately dismissed with prejudice based upon the plaintiff's failure to comply with the Supreme

Court Rules and orders of the circuit court concerning discovery. The plaintiff then moved to vacate the dismissal. The plaintiff's motion to vacate was denied, and this appeal followed.

The defendant, in his motion to dismiss, alleged that the plaintiff violated the Supreme Court Rules and the orders of the trial court by failing to appear for a deposition on several occasions. The plaintiff's deposition was originally scheduled for February 23, 1984, but was cancelled by the plaintiff. The deposition was rescheduled for March 20, 1984, but was again cancelled by the plaintiff. The plaintiff then cancelled the third scheduled deposition.

Consequently, on April 11, 1984, the defendant requested the court's intervention in the discovery process, both as to the deposition and as to unanswered interrogatories and request for production. The plaintiff was given seven days to respond to the interrogatories and a deposition date of May 4 was set. On May 4, the plaintiff answered interrogatories but failed to appear for the deposition. The defendant then filed his motion to strike the complaint or for other sanctions.

A hearing on the defendant's motion was set for May 11, 1984. On May 11, the trial court set a deposition date of May 21. The plaintiff was also given 10 days to comply with all prior discovery orders. When the plaintiff failed to appear for the May 21 deposition, the trial court granted the defendant's motion to strike the complaint. The plaintiff's cause was dismissed with prejudice.

Supreme Court Rule 219(c) allows for the dismissal of an action as a sanction for failure to comply with discovery. (87 Ill. 2d R. 219(c).) Generally, a cause of action will be dismissed as a sanction only where the dismissed party has shown a deliberate and wilful disregard of the court's authority. (*White v. Henrotin Hospital Corp.* (1979), 78 Ill. App. 3d 1025, 398 N.E.2d 24.) The imposition of sanctions for noncompliance with discovery rests within the trial court's discretion. *Gallo v. Henke* (1982), 107 Ill. App. 3d 21, 436 N.E.2d 1068.

The plaintiff argues on appeal that the trial court erred in refusing to vacate the dismissal because the record is devoid of deliberate and wilful disregard of the court's authority by the plaintiff. In support of her argument, the plaintiff relies on the decision in *Gallo.*

In *Gallo,* the plaintiff continued her deposition date on four or five occasions, and then failed to appear on the final date. The trial court dismissed the cause of action as a sanction for failure to comply with discovery. The trial court's dismissal was reversed on appeal. On review, the court noted that the plaintiff had continued her deposition on each occasion except for the last deposition scheduled. The court also relied on the fact that the plaintiff had complied in part with other

discovery and that the case did not involve a failure to comply with a deposition date established by order of the court. (*Gallo v. Henke* (1982), 107 Ill. App. 3d 21, 27, 436 N.E.2d 1068.) The court, therefore, concluded that the record did not disclose a wilful refusal to comply with discovery.

The conduct of the plaintiff or plaintiff's counsel in the instant cause, however, exceeds that of the plaintiff in *Gallo*. The plaintiff's deposition date was scheduled by court order for May 4, 1984. On May 4, the plaintiff answered interrogatories but failed to appear for the deposition. In a second court order, the plaintiff's deposition was re-scheduled to May 21, 1984. The plaintiff again failed to appear.

The *Gallo* court specifically noted that the plaintiff's failure to appear never occurred on a deposition date established by order of the court. In the instant cause, the plaintiff twice failed to appear on a court-ordered deposition date. Such conduct was sufficient to demonstrate a deliberate and wilful disregard of the court's authority. We find no abuse of discretion by the trial court.

The plaintiff also argues that the dismissal was an abuse of discretion because the defendant failed to comply with the requirements of Supreme Court Rule 201(k). Rule 201(k) requires that every motion made with respect to discovery shall incorporate a statement that the parties have been unable to reach an accord even after personal consultation and reasonable attempts to resolve differences. Compliance with Rule 201(k) may be demonstrated by the record. *John Mathes & Associates, Inc. v. Noel* (1981), 94 Ill. App. 3d 588, 418 N.E.2d 1104.

We find sufficient evidence in the record to demonstrate that the defendant substantially complied with Rule 201(k). In his first motion to dismiss, the defendant explicitly stated that he had complied with Rule 201(k). This motion was filed April 17, 1984. The motion to dismiss which was granted was filed only six weeks later. During the hearing, counsel for the plaintiff acknowledged that he was contacted by someone from the office of the defendant's attorney on the morning of May 21 regarding the scheduled deposition. Given the evidence on the record, and the fact that the plaintiff failed to comply with court orders regarding discovery, we find that the defendant substantially complied with Rule 201(k).

Accordingly, the judgment of the circuit court of Will County is affirmed.

Affirmed.

HEIPLE, P.J., and STOUDER, J., concur.