PEOPLES GAS, LIGHT & COKE COMPANY, Plaintiff-Appellee, v. CHICAGO BLACK IMPROVEMENT ASSOCIATION, Defendant-Appellant.

First District (1st Division)   No. 85—2903

Opinion filed October 14, 1986.

Philip L. Radmer, of Chicago, for appellant.

Paul M. Heller & Associates, Ltd., of Chicago (Pamela J. Leichtling, of counsel), for appellee.

JUSTICE BUCKLEY delivered the opinion of the court:

The subject of this appeal is a default judgment in the amount of $38,158 entered by the circuit court of Cook County in behalf of plaintiff, which had filed an action against defendant to recover that sum for unauthorized use of natural-gas services. Defendant contends that

the trial court abused its discretion in entering the default judgment, that defendant's refusal to comply with plaintiff's notice to produce documents was not unreasonable, that the default judgment was improperly entered because the defendant had filed a verified answer denying liability which had never been stricken, and that the entry of the default judgment was unjust.

On August 21, 1984, plaintiff filed a two-count complaint which alleged that upon inspection of the property located at 1509-11 East 69th Place in Chicago, plaintiff discovered that defendant converted natural gas owned by plaintiff for defendant's use. On September 19, 1984, defendant filed an appearance and an answer which denied plaintiff's allegations. Two days later plaintiff filed a notice to produce which requested, *inter alia*:

> "1. All deeds, contracts, leases, insurance policies, trust documents, beneficial interests, assignments and letters of direction, concerning the property in question.
>
> 2. All corporate books, records, resolutions, minutes, stock certificates, subscription agreements, income tax returns concerning the corporate entity during the period of time in question.
>
> 3. All books of account, ledgers, rent receipt books, checkbooks, cancelled checks pertaining to the operation of the corporate entity and/or the property in question.
>
> 4. All gas bills and/or other fuel bills, and all cancelled checks, cash receipts, etc., reflecting payment of same, pertaining to the property in question during the period of time as set forth in the complaint.
>
> 5. All correspondence by and between the parties, Illinois Commerce Commission, or other persons pertaining to the gas service furnished to the property in question."

Plaintiff also requested Arthur Sloan, the secretary of defendant, and Reverend Eugene Gray to appear for a deposition.

On October 1, 1984, Arthur Sloan appeared for the deposition and brought certain deeds and other documents requested by plaintiff. In the deposition, Arthur Sloan testified that he was the secretary of defendant, the Community Redemption Corporation (CRC), and the First Church of Deliverance (church). Sloan added that although the church, through defense counsel, Bernard Allen Fried, established the CRC in 1970 to develop and maintain real estate holdings for the church, defense counsel established defendant in 1979 for purposes similar to the CRC. Defense counsel was treasurer and comptroller for both corporations. No one in the church supervised defense coun-

sel, who had represented the church since 1969. According to Sloan, defense counsel issued annual financial reports to the board of directors of the church and approved the reports in Sloan's name since he had Sloan's power of attorney. Sloan added that he was unfamiliar with the property located at 1509-11 East 69th Place, that it was not purchased by the church, and that defense counsel may have purchased it in behalf of the church.

On October 10, 1984, defense counsel sent plaintiff a letter which indicated that counsel would not comply with plaintiff's request to produce because the information sought was "overbroad and irrelevant" to the litigation and would not be available to plaintiff until a judgment had been entered against defendant.

Apparently, thereafter plaintiff filed a motion to compel defendant to produce all documents previously requested and for the entry of sanctions in accordance with Supreme Court Rule 201(k) (87 Ill. 2d R. 201(k)). The motion alleged that although defendant provided certain deeds and other documents it failed "to produce any corporate books and records, or corporate financial records" and that the parties had conferred but had been unable to resolve their differences.

On January 7, 1985, an order was entered compelling defendant to comply with plaintiff's request for the production of documents by January 24, 1985, and permitting plaintiff to file its motion for sanctions pursuant to Supreme Court Rule 201(k).

On February 1, 1985, defendant filed a response to plaintiff's motion for sanctions which alleged that it could not comply with plaintiff's request for documents because plaintiff had failed to identify the period of time the corporate financial records sought were to cover.

Six days later, an order was entered which granted plaintiff a default judgment in the amount of $38,158 against defendant for the latter's "intentional noncompliance" with the court order. The order also stated that the court would consider a motion to vacate the entry of the default judgment if defendant "demonstrated" why it had not complied with the order to produce the requested documents.

On March 8, 1985, and August 12, 1985, defendant filed motions to vacate the default judgment. In the March motion defendant alleged that it had failed to appear before the court when the default judgment had been entered because defense counsel had been engaged in "an emergency matter" before another trial judge. The August motion was filed after plaintiff commenced supplementary proceedings on a citation to discover assets. The motion alleged that it was improper for plaintiff to execute the default judgment because defendant's March motion stayed enforcement of the judgment, that

the default judgment was entered without a prove up, that the complaint failed to allege that defendant was the owner of the property where the gas was allegedly converted, and that the trial court failed to dispose of defendant's objections to plaintiff's request for documents before entering the default judgment.

The record does not disclose whether any proceedings were held on the March motion. However, on September 19, 1985, an order was entered denying the August 15, 1985, motion to vacate when defendant failed to appear before the court.

■ We shall now consider defendant's contention that the trial court abused its discretion in entering the default judgment. The striking of defendant's answer and the entry of an order of default are permissible sanctions for a defendant's refusal to comply with the rules of discovery or orders compelling discovery. (87 Ill. 2d R. 219(c).) Nevertheless, a sanction should not serve as a punishment or penalty. (*Servbest Foods, Inc. v. Emessee Industries, Inc.* (1980), 82 Ill. App. 3d 662, 680, 403 N.E.2d 1.) Sanctions must be proportionate to the gravity of the violation. (*Spiller v. Continental Tube Co.* (1983), 95 Ill. 2d 423, 430, 447 N.E.2d 834.) The purpose of the sanction is to accomplish the object of discovery. *Fine Arts Distributors v. Hilton Corp.* (1980), 89 Ill. App. 3d 881, 412 N.E.2d 608.

■ Sanctions imposed by the trial court vest largely within the court's broad discretion, and the exercise of such discretion will not be disturbed unless an abuse is apparent. (*In re Estate of Soderholm* (1984), 127 Ill. App. 3d 871, 469 N.E.2d 410.) However, because courts consider the striking of a party's pleadings the most severe sanction, such sanction is only proper in those cases where the actions of a party show a deliberate, contumacious, or unwarranted disregard for the court's authority. (*Barnes v. Black & Decker Manufacturing Co.* (1984), 135 Ill. App. 3d 700, 708, 481 N.E.2d 1200.) In order to have a default order set aside, defendants have to present some legitimate excuse for their failure to comply with discovery and show a willingness to comply in the future. *George William Hoffman & Co. v. Capital Services Co.* (1981), 101 Ill. App. 3d 487, 494, 428 N.E.2d 600.

■ Our review of the instant record reveals that defendant had ample opportunity to comply with plaintiff's request for the discovery but failed to do so. According to evidence presented before the trial court, defense counsel was the treasurer and comptroller for defendant. The financial records requested by plaintiff from defendant were in defense counsel's possession. Yet, he refused to surrender the records in compliance with the discovery on the basis that the request was overbroad and that the records would be available to plaintiff af-

ter judgment was entered against defendant. We cannot conclude that defendant has presented a legitimate excuse for its failure to comply with discovery or has shown a willingness to comply in the future.

Accordingly, the order entered by the circuit court of Cook County granting plaintiff a default judgment is affirmed.

Affirmed.

CAMPBELL and O'CONNOR, JJ., concur.