WALTER ANTKIEWICZ, Plaintiff-Appellant, v. PAX/INDIANAPOLIS, INC., *et al.*, Defendants-Appellees.

First District (2nd Division)    No. 1—92—3519

Opinion filed September 28, 1993.—Rehearing denied November 18, 1993.

Robert E. Cleveland, of Chicago, for appellant.

Wildman, Harrold, Allen & Dixon, of Chicago (David A. Kanter and Adam J. Glazer, of counsel), for appellee Pax/Indianapolis, Inc.

JUSTICE SCARIANO delivered the opinion of the court:

Plaintiff Walter Antkiewicz, while serving as an independent contractor of defendant Pax/Indianapolis, Inc. (Pax), and defendant Canterbury Productions, a partnership formed by defendants Henry and Omar Farag, suffered personal injuries and property damage after some electrical equipment being installed by defendant Electric Brothers of Chicago broke loose from its moorings and struck plaintiff. Plaintiff's injuries were incurred on August 15, 1987, while he was rehearsing for a musical production to be sponsored by Pax. He originally filed suit sometime in 1989 in the circuit court of Cook County, alleging that defendants were either directly liable for his injuries because of their own negligence, or else were vicariously liable for the negligence of another acting in their interest. This action was later dismissed without prejudice for want of prosecution on April 25, 1991, based on defendants' Rule 219(c) (117 Ill. 2d R. 219(c)) motion for sanctions.

Plaintiff refiled his action on August 2, 1991, reasserting the claims brought in the first complaint. Defendants Canterbury Productions and the Farag brothers filed a special and limited appearance and contested, by a motion to quash service, the jurisdiction of the court over their persons. Plaintiff responded by filing a motion to strike that motion, and by the same filing, sought Rule 137 (134 Ill. 2d R. 137) sanctions. While the motion to quash service was pending, plaintiff sought a default judgment against Pax, which was denied. The circuit court judge, on whose calendar the instant action had been placed, thereafter granted leave to Pax to respond to plaintiff's complaint and denied the motion to quash apparently because it found that Canterbury and the Farags were not properly served. By the

same order, the circuit court denied plaintiff's motions to strike the motion to quash and also refused his request for Rule 137 sanctions.

On January 10, 1992, Pax answered the complaint and served interrogatories upon plaintiff. When no responses to the interrogatories were forthcoming as of March 6, 1992, Pax moved the court, pursuant to Supreme Court Rule 219(c) (134 Ill. 2d R. 219(c)), to dismiss the action as a sanction for plaintiff's failure to comply. In its motion, Pax indicated that it had made repeated attempts to reach a compromise with plaintiff regarding the outstanding interrogatories, as required by Supreme Court Rule 201(k) (134 Ill. 2d R. 201(k)), but to no avail. It also pointed out that plaintiff had been admonished by the court on February 5, 1992, to file his answers as soon as practicable.

In response to this motion, plaintiff again moved for default judgment against defendants Canterbury Productions and the Farag brothers, despite the court's earlier determination that none had been made a party to the suit. He further moved to strike Pax's motion to dismiss, contending that it was "spurious and frivolous on its face," and reasserted his right to sanctions under Rule 137. The court declined to grant plaintiff a default judgment, ordered him to answer the propounded interrogatories by May 15, 1992, continued Pax's motion to dismiss and denied plaintiff's motion for Rule 137 sanctions.

Soon thereafter, on May 11, 1992, plaintiff petitioned the court for a change of venue as of right, alleging that the judge before whom the action was pending was prejudiced against him. At a hearing on the matter, after being reminded by defense counsel of the rulings it had already rendered in the cause, the court denied the petition as untimely. The next day, plaintiff filed a second petition for a change of venue, this time for cause, alleging that the trial judge's bias against him stemmed from the fact that his counsel had registered a complaint against her with the Judicial Inquiry Board for her allegedly wrongful conduct in an unrelated matter in which plaintiff's counsel was a party. This petition was transferred to another judge, who determined, after a hearing, that its allegations were baseless.

The action was retransferred to the judge whom plaintiff had alleged to be biased, after which plaintiff filed a motion asking for her voluntary recusal, which she denied. Pax reasserted its prior motion to dismiss, once again alleging that plaintiff had failed to obey the court's order to respond to its interrogatories. On July 9, 1991, the court again mandated plaintiff's compliance, instructing him to provide legible and complete responses within seven days. Later, at Pax's request, the circuit court ordered plaintiff to provide certain supple-

mental responses requested by Pax, outlining with specificity those answers which plaintiff was to enlarge.

When this order went unheeded by plaintiff, Pax again moved for dismissal pursuant to Rule 219(c). A hearing on this motion was set to be held on September 18, 1992, and notice thereof was served on plaintiff's counsel. Although properly advised, plaintiff's counsel was detained in another county on the day of the hearing and, as a result, an associate of his appeared and expressed complete unfamiliarity with the substance of the case and an inability to argue the motion. He requested 28 days to respond to Pax's motion and the setting of a briefing schedule thereon. The court denied the request, informing counsel that plaintiff's previous conduct had precipitated four court orders in a futile effort to secure his cooperation with discovery. Accordingly, the court granted Pax's motion and entered judgment in its favor, dismissing plaintiff's complaint with prejudice. On October 7, 1992, plaintiff filed this appeal.

I

Plaintiff first argues that the trial court was obligated by section 2—1001 of the Code of Civil Procedure (Ill. Rev. Stat. 1991, ch. 110, par. 2—1001) to grant his petition for a change of venue as a matter of right, and that as a result of its erroneous failure to do so, all of its subsequent orders, including the Rule 219(c) sanction of dismissal, were void. Thus, he concludes, the judgment entered on that sanction must be reversed and the action remanded for trial before a new judge.

Section 2—1001 provides in pertinent part:

"(a) A change of venue in any civil action may be had in the following situations:

***

(2) Where any party or his or her attorney fears that he or she will not receive a fair trial in the court in which the action is pending, because the *** judge is prejudiced against him or her, or his or her attorney ***. In *** such [a] situation the venue shall not be changed except upon application ***." (Ill. Rev. Stat. 1991, ch. 110, par. 2—1001.)

Section 2—1001 entitles, without exception, each litigant to one change of venue as of right, if a request for one is brought in a timely fashion. (*In re Marriage of Kozloff* (1984), 101 Ill. 2d 526, 463 N.E.2d 719; *Hader v. St. Louis Southwestern Ry. Co.* (1991), 207 Ill. App. 3d 1001, 566 N.E.2d 736, *appeal denied* (1991), 139 Ill. 2d 595, 575 N.E.2d 914.) A petition will be deemed timely if "it is presented before trial or hearing

begins and before the judge to whom it is presented has ruled on any substantial issue in the case." (Ill. Rev. Stat. 1991, ch. 110, par. 2—1001(c); see also *Raabe v. Maushak* (1977), 55 Ill. App. 3d 169, 371 N.E.2d 96.) The imposition of the timely petition rule is intended "to prohibit a litigant from seeking a change of venue only after he has formed an opinion, based upon the court's adverse rulings, that the judge may be unfavorably disposed toward his case." *Hader*, 207 Ill. App. 3d at 1007, 566 N.E.2d at 739-40; accord *Becker v. R.E. Cooper Corp.* (1990), 193 Ill. App. 3d 459, 462, 550 N.E.2d 236, 238 ("A party should not be free to 'judge shop' until he or she finds a jurist who is favorably disposed to his cause of action").

Plaintiff baldly asserts, without analysis, argument or citation, that the original trial judge had made no substantive rulings prior to the filing of his section 2—1001 petition, and that thus, the court was bound to grant it. Although no court has fixed a precise moment in the conduct of a trial which indisputably demarcates when the trial court's rulings will address "substantial issues" from that point forward, it is generally agreed that the point is reached when its order is relevant to a resolution of the merits of the action. See 3 R. Michael, Illinois Practice §13.3, at 155 (1989) (and cases collected therein) ("Where a prior ruling involved a determination of an issue relevant to the merits, a motion for a change of venue has been held to be too late").

In the instant case, before May 11, 1992, when plaintiff first brought his petition for a change of venue, the trial court had handed down the following orders: (1) on November 22, 1991, it granted Pax 21 days to make an appearance or otherwise respond to plaintiff's complaint; (2) set a date for hearing the motion to quash service brought by defendants Canterbury Production and the Farags; (3) on January 3, 1992, the court denied that motion to quash service, denied plaintiff's motion for default judgment, and ordered Pax to respond to the complaint; (4) the court denied plaintiff's renewed motion for default on April 28, 1992; and (5) on May 8, 1992, the court compelled plaintiff to answer within seven days defendant's interrogatories, continued Pax's motion to dismiss pursuant to Rule 219(c) until that time, and denied plaintiff's Rule 137 motion for sanctions. Clearly, a majority of these rulings went to the merits of the action, thus terminating plaintiff's absolute right to a change of venue. For instance, plaintiff twice sought to bring a quick end to the cause on its merits by seeking a default judgment, the denial of which has been held to constitute the resolution of a substantial issue in the case. *Perimeter Exhibits, Ltd. v. Glenbard Molded Binder, Inc.* (1984), 122 Ill. App. 3d 504, 514-15, 461 N.E.2d 44, 53; see also *Hartnett v. Stack* (1993), 241 Ill. App. 3d 157, 168, 607

N.E.2d 703, 710-11 (holding that a petition for a change of venue was untimely when filed after the court had ruled on the defendant's motion to strike the plaintiff's complaint and had ordered the defendant to answer the complaint or otherwise respond), *appeal denied* (1993), 151 Ill. 2d 563, citing *Swanson v. Randall* (1964), 30 Ill. 2d 194, 198, 195 N.E.2d 656, 659.

■ In addition, in *Dolido v. Zenith Radio Corp.* (1990), 194 Ill. App. 3d 268, 550 N.E.2d 1225, this court recognized that the denial of a motion for sanctions brought pursuant to section 2—611 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—611) was a ruling on a matter of substance, thereby rendering a later petition for a change of venue untimely. Here, the trial court denied plaintiff's Rule 137 motion for sanctions, a rule which has superseded section 2—611, but has worked no change in the substance of the section. Accordingly, since the judge had rendered at least three orders which we have found in other cases to constitute "substantial issues" in the context of a petition for a change of venue brought pursuant to section 2—1001(c), we hold that plaintiff's petition was not timely filed; therefore, the court did not err by declining to grant him a change of venue.

## II

■ Plaintiff next urges reversal because Pax's motion for sanctions did not include the language required by Supreme Court Rule 201(k). The rule mandates:

> "Every motion with respect to discovery shall incorporate a statement that after personal consultation and reasonable attempts to resolve differences the parties have been unable to reach an accord." (134 Ill. 2d R. 201(k).)

In *Williams v. A.E. Staley Manufacturing Co.* (1981), 83 Ill. 2d 559, 416 N.E.2d 252, our supreme court held that Rule 201(k) was prophylactic in nature and, as a result, was to be complied with in *every* discovery motion. The court opined that its need was more acutely felt as the desired sanction grew increasingly severe. It stated that, "[i]n the case of a motion to dismiss, compliance with Rule 201(k) is particularly important." *Williams*, 83 Ill. 2d at 565, 416 N.E.2d at 255.

However, contrary to plaintiff's contention, the supreme court did not compel hypertechnical adherence to the form of the wording which must appear in every discovery motion. Instead it recognized that "[i]n proper circumstances Rule 201(k) might be satisfied by a showing of active, but unsuccessful, efforts to contact, and proof of telephone calls unreturned or letters unanswered might, in some instances, suffice." (*Williams*, 83 Ill. 2d at 566, 416 N.E.2d at 256.) Beginning with *John*

*Mathes & Associates, Inc. v. Noel* (1981), 94 Ill. App. 3d 588, 418 N.E.2d 1104, this court has clarified and expanded upon the rule in *Williams* that strict technical compliance with Rule 201(k) is not required. Rather, we have determined that the rule is satisfied so long as the record reflects that the movant attempted to resolve his difficulties with his opponent prior to seeking judicial intervention in discovery matters. *Hartnett*, 241 Ill. App. 3d at 174, 607 N.E.2d at 715 (holding that technical noncompliance with the rule is not fatal where the record indicates that the parties were, in fact, "unable to reach an accord after reasonable attempts to resolve differences"); *Lavaja v. Carter* (1987), 153 Ill. App. 3d 317, 505 N.E.2d 694 (holding that vacation of a default judgment was not called for, even though the Rule 219(c) motion which precipitated the judgment did not strictly comply with Rule 201(k), because the record made clear that the parties had extensive but futile consultations prior to the bringing of the motion), *appeal denied* (1987), 116 Ill. 2d 560, 515 N.E.2d 100; *Singer v. Treat* (1986), 145 Ill. App. 3d 585, 495 N.E.2d 1264 (same); *Simmons v. Shimek* (1985), 139 Ill. App. 3d 927, 488 N.E.2d 283 (Rule 201(k) compliance may be evidenced by overall record in the case); see also *Sanchez v. Phillips* (1977), 46 Ill. App. 3d 430, 361 N.E.2d 36 (a pre-*Williams* decision holding that the omission of Rule 201(k) language in a discovery motion constitutes harmless error when the record makes clear that movant made repeated attempts to reach agreement on disputed discovery matter).

Here, Pax initially tendered to plaintiff on January 10, 1992, the interrogatories at issue in the instant case. At a progress call before the circuit court on February 5, 1992, Pax inquired as to the status of the answers to interrogatories, and his counsel was instructed by the court to complete his responses promptly. On March 6, 1992, Pax filed a motion to dismiss, pursuant to Rule 219(c), as a sanction for plaintiff's continued failure to comply with its discovery requests. This motion included the requisite language of Rule 201(k). In its ongoing campaign to receive from plaintiff answers to its interrogatories, Pax wrote to plaintiff, in a letter dated July 15, 1992, requesting supplementation to the partial responses provided. This letter was followed a month later by another which invoked Rule 201(k) and again requested compliance with the earlier entreaty. In response, plaintiff chided Pax to read Rule 201(k) before citing it, intimating that no meaningful compliance with its substance had been achieved, as if such compliance would now have an effect Pax had not been able to achieve by its previous adherence to the rule.

■ It was after all this, and in the face of plaintiff's persistent noncompliance with formal and informal discovery requests as well as or-

ders to compel issued by the court, that Pax again moved for dismissal as a sanction for plaintiff's dilatory, nay, contumacious conduct. Although the motion as filed did not contain the language of Rule 201(k), it is clear from the record not only that Pax substantially complied with it throughout the nine months in which it attempted to secure from plaintiff legible and complete answers to its propounded interrogatories, but that such compliance had only precatory value to plaintiff, a history with which the judge presiding over this action was all too familiar. Accordingly, the court did not err by granting Pax's technically flawed motion.

■ Plaintiff lastly argues that the trial court made no express finding that his procrastination was unreasonable or contumacious, which, he maintains, is a mandatory predicate to its granting of a motion to dismiss under Rule 219(c). However, the text of the rule imposes no such obligation on the court. In any event, the record is instinct with such a finding in light of the fact that, even after nine months of waiting and two court orders compelling completion, plaintiff had still not fully answered Pax's tendered interrogatories when the court imposed sanctions. Moreover, the only reason ever suggested by plaintiff for the delay was that his counsel was awaiting his client's signature, which is the functional equivalent of stating that "the interrogatories were in the mail." (See *Fine Arts Distributors v. Hilton Hotel Corp.* (1980), 89 Ill. App. 3d 881, 884, 412 N.E.2d 608, 611 ("The burden of proving extenuating circumstances causing discovery delays falls on the non-complying party").) We have affirmed the dismissal of actions for the flouting of discovery requests and violations of court orders which were much less flagrant than those apparent here. (See *Elders v. Sears, Roebuck & Co.* (1980), 82 Ill. App. 3d 995, 403 N.E.2d 631 (approving the dismissal of the complaint of a plaintiff who had ignored only a single order to compel, and who had not fully completed the interrogatories within seven months of their receipt).) In the annals of cases that have commanded the most drastic of available Rule 219(c) discovery sanctions, this could easily claim exceedingly prominent recognition. Accordingly, it would be trite at this point to say that the trial court did not abuse its discretion by dismissing plaintiff's complaint with prejudice.

Affirmed.

McCORMICK, P.J., and HARTMAN, J., concur.